IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MOV-ology LLC,<br><br>              Plaintiff,<br>   v.<br><br>Temenos AG,<br>Temenos U.S.A., Inc.,<br>Temenos Cloud Americas, LLC,<br>Avoka (USA), Inc., and<br>Kony, Inc.,<br><br>              Defendants. | Civil Action No. 6:23-cv-391<br><br>**Jury Trial Demanded** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff MOV-ology LLC files this Original Complaint for patent infringement against Defendants Temenos AG, Temenos U.S.A., Inc., Temenos Cloud Americas, LLC, Avoka (USA), Inc., and Kony, Inc. (collectively, "Temenos"), and alleges the following:

### Nature of the Action

1. MOV-ology sues to stop, and to recover damages caused by, Temenos's infringement of MOV-ology's patents.

2. Founded in 2011 as MOV Digital Media, Inc., MOV-ology has spent the last decade developing and commercializing its proprietary Capture® software. Capture® allows businesses to amplify their online lead generation and remarketing capability by capturing data as soon as a customer types it into a web form. Capture® helps businesses stop losing leads to incomplete forms and improve their digital ad spending efficiency. MOV-ology's Recover® and

Automated Postcard ReMarketing services pair with Capture® to help businesses convert leads from incomplete or abandoned web forms into sales. *See* https://automatedremarketing.com/.

3. As recognition of MOV-ology's innovations, the U.S. Patent & Trademark Office has awarded MOV-ology several patents covering systems and methods for capturing, analyzing, and acting on information gathered from incomplete or abandoned web forms. These patents include U.S. Patent Nos. 9,286,282 ("'282 patent") and 10,769,358 ("'358 patent").

4. Since at least March 2016, MOV-ology's website has identified that its patents, including the '282 patent and '358 patent, cover its products and services:



https://movology.com/patents/.

5. Temenos bills itself as a "banking software company" that "provide[s] market-leading software and banking services to financial services providers in all sectors and of all sizes." *E.g.*, https://www.temenos.com/platform/our-technology/. For instance, Temenos advertises that it offers an "SaaS platform for retail banking to increase architectural flexibility, product agility, and customer engagement to deliver more personalized products and experiences, spur profitability and drive growth." *E.g.*, https://www.temenos.com/solutions/retail-banking/. Temenos touts that "[o]ver 3,000 firms across the globe, including 41 of the top 50 banks, rely on Temenos to process the daily transactions of more than 500 million banking customers." *E.g.*, https://www.temenos.com/about-us/investor-relations/.

6. MOV-ology at all relevant times has owned all rights in and title to the '282 patent and '358 patent, including the right to collect past damages for infringement from those that have usurped its patented technology. MOV-ology sues to stop Temenos's known and unauthorized use of its patented technology and to collect damages for those tortious activities.

## Parties

7. Plaintiff MOV-ology LLC is a Delaware limited liability company with offices at 1600 North Kramer Boulevard, Anaheim, California 92806.

8. Defendant Temenos AG is a Swiss company with headquarters at 2 Rue de l'Ecole-de-Chimie, 1205 Geneva, Switzerland. Temenos AG may be served under Fed. R. Civ. P. 4(f).

9. Defendant Temenos U.S.A., Inc. is a Delaware corporation registered to do business in Texas with an office at 5301 Southwest Parkway, Suite 250, Austin, Texas, 78735-8986. Temenos U.S.A., Inc. may be served through its registered agent, Corporation Service Company, at 211 East Seventh Street, Suite 620, Austin, Texas, 78701.

10. Defendant Temenos Cloud Americas, LLC is a Delaware corporation registered to do business in Texas with an office at 5301 Southwest Parkway, Suite 250, Austin, Texas, 78735-8986. Temenos Cloud Americas, LLC may be served through its registered agent, Corporation Service Company, at 211 East Seventh Street, Suite 620, Austin, Texas, 78701.

11. Defendant Avoka (USA), Inc. is a Delaware corporation registered to do business in Texas with an office at 5301 Southwest Parkway, Suite 250, Austin, Texas, 78735-8986. Avoka (USA), Inc. may be served through its registered agent, Corporation Service Company, at 211 East Seventh Street, Suite 620, Austin, Texas, 78701.

12. Defendant Kony, Inc. is a Delaware corporation registered to do business in Texas with an office at 5301 Southwest Parkway, Suite 250, Austin, Texas, 78735-8986. Kony, Inc. may be served through its registered agent, Corporation Service Company, at 211 East Seventh Street, Suite 620, Austin, Texas, 78701.

13. According to Temenos' 2022 Annual Report, Temenos U.S.A., Inc., Temenos Cloud Americas, LLC, Avoka (USA), Inc., and Kony, Inc. are wholly owned subsidiaries of Temenos AG. *See* [https://www.temenos.com/wp-content/uploads/2023/03/2022-Annual-Report-t01ki2zg10.pdf](https://www.temenos.com/wp-content/uploads/2023/03/2022-Annual-Report-t01ki2zg10.pdf) at 222-223.

14. Temenos U.S.A., Inc. is a direct subsidiary of Temenos AG. *See id.* at 255.

15. On information and belief, Temenos Cloud Americas, LLC, Avoka (USA), Inc., and Kony, Inc. are subsidiaries of Temenos U.S.A., Inc.

16. On information and belief, Temenos AG, Temenos U.S.A., Inc., Temenos Cloud Americas, LLC, Avoka (USA), Inc., and Kony, Inc. operate under common control.

## Jurisdiction and Venue

17. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action presents a federal question under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, 284, and 285.

18. This Court also has diversity jurisdiction under 28 U.S.C. § 1332(a) because MOV-ology does not share a state of citizenship with any defendant and the amount in controversy exceeds $75,000.

19. This Court has general personal jurisdiction over Temenos because each defendant has engaged in substantial activity within this State and judicial district. The Court has specific jurisdiction over Temenos because each defendant has caused acts of infringement to occur in this district in violation of 35 U.S.C. § 271. For example, Temenos designs, develops, tests, uses, markets, and sells its infringing products and services at its offices in this District. On information and belief, Temenos also operates systems and servers that host websites containing infringing functionality on its platform in this District. Because Temenos maintains more than purposeful minimum contacts with this State and District, the Court's exercise of jurisdiction here would not offend any notions of fair play and substantial justice.

20. Venue is proper in this District as to Temenos AG, a foreign company, because it may be sued in any district under 28 U.S.C. § 1391(c)(3).

21. Venue is proper in this District as to Temenos U.S.A., Inc. under 28 U.S.C. § 1400(b) because it has registered to do business in Texas and operates at least one office in this District at 5301 Southwest Parkway, Suite 250, Austin, Texas, 78735.

22.    Venue is proper in this District as to Temenos Cloud Americas, LLC under 28 U.S.C. § 1400(b) because it has registered to do business in Texas and operates at least one office in this District at 5301 Southwest Parkway, Suite 250, Austin, Texas, 78735.

23.    Venue is proper in this District as to Avoka (USA), Inc. under 28 U.S.C. § 1400(b) because it has registered to do business in Texas and operates at least one office in this District at 5301 Southwest Parkway, Suite 250, Austin, Texas, 78735.

24.    Venue is proper in this District as to Kony, Inc. under 28 U.S.C. § 1400(b) because it has registered to do business in Texas and operate at least one office in this District at 5301 Southwest Parkway, Suite 250, Austin, Texas, 78735.

## The Asserted Patents

25.    The '282 patent, titled "Obtaining Data from Abandoned Electronic Forms," issued March 28, 2016. MOV-ology co-founders Thomas Ling and Peter Norton filed the application that led to the '282 patent on June 18, 2014.

26.    The '358 patent, titled "Obtaining Data from Incomplete Electronic Forms," issued September 8, 2020. Messrs. Ling and Norton filed the application that led to the '358 patent on July 9, 2018.

27.    The '282 patent and '358 patent claim provisional priority to U.S. Provisional Application No. 61/908,349, which Messrs. Ling and Norton filed November 25, 2013.

28.    The asserted patents are presumed valid and enforceable under 35 U.S.C. § 282. Exhibits A and B contain copies of the '282 patent and '358 patent, respectively.

29.    MOV-ology owns all right, title, and interest in the asserted patents, including the right to assert all causes of action involving the asserted patents and the right to any remedies for

infringement, including for past damages. Exhibits C and D contain copies of the assignment records for the '282 patent and '358 patent, respectively.

30. The asserted patents teach technical solutions to an unsolved technological problem. The written descriptions of the asserted patents teach in technical detail each of the limitations of the claims, allowing a person of ordinary skill in the art to understand what the limitations cover and how the combination of claim elements differed markedly from and improved on prior conventional or generic solutions. For example, the asserted patents disclose specific computer technology that allows a website owner to know whether a user has abandoned or otherwise not completed a web form and to capture in real or near-real time the unsubmitted information, which data would be lost without the teachings of the asserted patents.

31. The problem addressed by the asserted patents is unique to computer networking applications such as web pages. The phenomenon of potential customers beginning to fill out an online form only to abandon the form without submitting it is a computer networking-specific problem with no non-computer analogue. For example, the asserted patents allow a website owner to obtain and retain information about a potential customer even if a customer does not complete a transaction at the website. This can only happen if a user first visits a *website* and at least partially completes an *electronic form*. Such a process cannot happen in a physical store.

32. The claimed solutions are technical in nature, as well. The asserted claims of the '282 patent require determining that an HTML form has been abandoned, obtaining data from the abandoned form, building a data structure based on the abandoned form, parsing the data to obtain an HTML element with an attribute, and storing the HTML element, attribute, or user-entered text. Taken together, these computer-implemented operations are specific to HTML web forms and provide a technical means of obtaining data from an abandoned electronic form.

33. The asserted claims of the '358 patent are similar in their recited solution, and further involve obtaining a protocol from a web page and writing a script tag to that web page according to the protocol. Again, these operations are specific to the technical field of online electronic forms and have no non-computer analogue.

34. The asserted patents are thus not directed to an abstract idea.

35. Further, the elements claimed by the asserted patents, taken alone or in combination, were not well-understood, routine, or conventional to one of ordinary skill in the art at the time of the invention. The asserted patents present technical solutions to a problem that only arises in the field of computer technology: how to prevent data loss in web forms that users abandon or otherwise do not complete. The inventions improved existing techniques for capturing data in web forms, which had required users to complete the form or submit credentials like a username and password to log in to a website before that website could capture this form data. The innovative approach of the asserted patents significantly expands the ability to capture data by enabling it without electronic form submission and without a username and password. This approach was not well-understood, routine, or conventional at the time of invention, as website owners relied on form submission or logins to gather data about user activity.

### Count I: Infringement of the '282 Patent

36. MOV-ology incorporates the preceding paragraphs as if it repeated them all here.

37. The '282 patent recites 15 claims, including independent claims 1 and 9. *See* Ex. A, 19:12 to 20:45.

38. Temenos has infringed and continues to infringe, literally or by the doctrine of equivalents, at least claims 1 and 9 of the '282 patent by making, using, testing, selling, offering for sale, or importing into the U.S. products and services covered by the '282 patent.

39. Temenos's products and services that infringe the '282 patent include, for example, its Journey Manager platform, which "enables banks to create a seamless orchestration between the acquisition of customer data and the back-end system of record," as well as applications, software, and services that operate in substantially the same manner alone or combined with one another. *See, e.g.*, https://journey.temenos.com/docs/Platform/PlatformOverview.htm.

40. Claim 1 of the '282 patent reads:

A method to obtain data from abandoned electronic forms, the method comprising:

> determining that an electronic form accessed by a user has been abandoned by the user, the electronic form having embedded computer-executable instructions and one or more fields configured to accept user-entered text, the electronic form comprising at least one hypertext markup language (HTML) element associated with the one or more fields, the at least one HTML element having at least one attribute;
>
> obtaining data from the abandoned electronic form with the embedded computer-executable instructions by building a data structure based on the abandoned electronic form and parsing the data structure to obtain the at least one HTML element; and
>
> storing one or more of the at least one HTML element, the at least one attribute, and the user-entered text.

Ex. A, 19:13-29.

41. A claim chart showing an example of how Temenos infringes the '282 patent accompanies this Complaint at Exhibit E.

42. Temenos has known about the '282 patent since at least Temenos AG's wholly owned subsidiary, Avoka (USA), Inc., received notice of MOV-ology's patents and corresponded

—9—

with MOV-ology about MOV-ology's offer to discuss a patent license in March 2017, and in no event later than the date of service of this Complaint.

43. At least as early as Temenos's knowledge of the '282 patent, Temenos indirectly infringes the '282 patent in the United States by inducement under 35 U.S.C. § 271(c). Temenos knowingly and intentionally induces infringement of the '282 patent by intending others to make, use, offer for sale, or sell in the United States products or services covered by the '282 patent. Temenos provides these products or services and provides instructions on their use to others, such as platform partners, app developers, customers, and end customers, who provision for use, offer for sale, or sell in the United States products or services that directly infringe at least claims 1 and 9 of the '282 patent.

44. Temenos also contributes to infringement of the '282 patent by others by knowingly providing products and services that, when configured by platform partners and app developers, result in a system that directly infringes at least claim 1 of the '282 patent.

45. Temenos is liable for infringement of the '282 patent due to its actions in this District and throughout the United States. Temenos's infringing conduct has caused MOV-ology to suffer damages and irreparable harm.

### Count II: Infringement of the '358 Patent

46. MOV-ology incorporates the preceding paragraphs as if it repeated them all here.

47. The '358 patent recites 20 claims, including independent claims 1, 9, and 17. *See* Ex. B, 19:19 to 22:21.

48. Temenos has infringed and continues to infringe, literally or by the doctrine of equivalents, at least claims 1, 9, and 17 of the '358 patent by making, using, testing, selling, offering for sale, or importing into the U.S. products and services covered by the '358 patent.

49. Temenos's products and services that infringe the '358 patent include, for example, its Journey Manager platform, which "enables banks to create a seamless orchestration between the acquisition of customer data and the back-end system of record," as well as applications software, and services that operate in substantially the same manner alone or combined with one another. *See, e.g.*, https://journey.temenos.com/docs/Platform/PlatformOverview.htm.

50. Claim 17 of the '358 patent reads:

A method to obtain data from incomplete electronic forms, the method comprising:

    assessing an incomplete electronic form comprising at least one hypertext markup language (HTML) element and user-entered text entered by a user;

    obtaining a protocol of at least one webpage associated with the incomplete electronic form;

    writing a script tag associated with a script file to the at least one webpage according to the protocol, the script tag configured to place the script file onto the at least one webpage, the script file configured to locate the at least one HTML element;

    building a data structure based on the incomplete electronic form that comprises at least the user-entered text;

    communicating with one or more databases to obtain additional information about the user based at least in part on the user-entered text obtained from the incomplete electronic form;

    storing contact profile information that comprises at least a portion of the user-entered text obtained from the incomplete electronic form and at least a portion of the additional information about the user obtained from the one or more databases; and

sending to the user, a personalized messaged based at least in part on the at least one HTML element and the contact profile information.

Ex. B, 21:8 to 22:12.

51. A claim chart showing an example of how Temenos infringes the '358 patent accompanies this Complaint at Exhibit F.

52. Temenos has known about the '358 patent since at least the date of service of this Complaint.

53. At least as early as Temenos's knowledge of the '358 patent, Temenos indirectly infringes the '358 patent in the United States by inducement under 35 U.S.C. § 271(c). Temenos knowingly and intentionally induces infringement of the '358 patent by intending others to make, use, offer for sale, or sell in the United States products or services covered by the '358 patent. Temenos provides these products or services and provides instructions on their use to others, such as platform partners, app developers, customers, and end customers, who provision for use, offer for sale, or sell in the United States products or services that directly infringe at least claim 17 of the '358 patent.

54. Temenos also contributes to infringement of the '358 patent by others by knowingly providing products and services that, when configured by platform partners and app developers, result in a system that directly infringes at least claim 17 of the '358 patent.

55. Temenos is liable for infringement of the '358 patent due to its actions in this District and throughout the United States. Temenos's infringing conduct has caused MOV-ology to suffer damages and irreparable harm.

## Prayer for Relief

MOV-ology asks the Court to enter judgment as follows:

A. Declaring that Temenos has infringed the '282 and '358 patents;

B. Awarding damages in an amount to be proven at trial, but in no event less than a reasonable royalty for Temenos's infringement and prejudgment and post-judgment interest at the maximum permissible rate;

C. Awarding reasonable attorneys' fees against Temenos to MOV-ology as allowed under 35 U.S.C. § 285;

D. Awarding expenses, costs, and disbursements against Temenos, including prejudgment interest;

E. Awarding treble damages for Temenos' willful infringement;

F. Ordering Temenos to pay MOV-ology an ongoing royalty for Temenos' future infringement of the '282 patent and '358 patent or, in the alternative, permanently enjoining Temenos, its officers, agents, servants, employees, attorneys, and all others acting in concert or participation with Temenos from infringing the asserted patents; and

G. Awarding any other relief the Court deems just and proper.

## Demand for Jury Trial

MOV-ology demands a trial by jury for all triable claims under Fed. R. Civ. P. 38.

Respectfully submitted,

Dated: May 22, 2023

By: */s/ Karl Rupp*
Karl Rupp (State Bar No. 24035243)
krupp@soreylaw.com
**Sorey & Hoover LLP**
100 North Sixth Street, Suite 502
Waco, Texas 76701
Telephone: 903-230-5600

Robert R. Brunelli (*pro hac vice* forthcoming)
rbrunelli@sheridanross.com
Patrick A. Fitch (*pro hac vice* forthcoming)
pfitch@sheridanross.com
Alex W. Ruge (*pro hac vice* forthcoming)
aruge@sheridanross.com
Angela J. Bubis (*pro hac vice* forthcoming)
abubis@sheridanross.com
**Sheridan Ross P.C.**
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone: 303-863-9700
Facsimile: 303-863-0223
litigation@sheridanross.com

*Attorneys for MOV-ology LLC*