# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MOV-ology LLC<br><br>        Plaintiff,<br><br>   v.<br><br>Temenos AG,<br>Temenos U.S.A., Inc.,<br>Temenos Cloud Americas, LLC,<br>Avoka (USA), Inc., and<br>Kony, Inc.,<br>        Defendants. | Civil Action No. 6:23-cv-391-ADA<br><br>**Jury Trial Demanded** |

**DEFENDANTS TEMENOS CLOUD AMERICAS, LLC AND AVOKA (USA), INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(3)**

## TABLE OF CONTENTS

                                                             **Page**

I. INTRODUCTION ...............................................................................................................1

II. STATEMENT OF FACTS .................................................................................................1

III. LEGAL STANDARDS .......................................................................................................2

IV. ARGUMENT ......................................................................................................................3

V. CONCLUSION ...................................................................................................................5

## **TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*Ambraco, Inc. v. Bossclip B.V.*,
    570 F.3d 233 (5th Cir. 2009) ................................................................................................3

*In re Cray Inc.*,
    871 F.3d 1355 (Fed. Cir. 2017) .....................................................................................2, 3, 5

*Interactive Toybox, LLC v. Walt Disney Comp.*,
    No. 1:17-CV-1137-RP, 2018 WL 5284625 (W.D. Tex. Oct. 24, 2018) ................................3

*Kranos IP Corp. v. Riddell, Inc.*,
    No. 2:17-cv-443-JRG, 2017 WL 3704762 (E.D. Tex. Aug. 28, 2017) .................................3

*Optic153 LLC v. Thorlabs Inc.*,
    No. 6:19-CV-00667-ADA, 2020 WL 3403076 (W.D. Tex. June 19, 2020) .........................4

*SASOF III (B) Aviation Ireland DAC v. Nat'l Aero Stands LLC*,
    No. 1:19-CV-1112-DAE, 2021 WL 1431307 (W.D. Tex. Mar. 26, 2021) ............................3

*Sightline Payments, LLC v. Everi Holdings Inc.*,
    No. 6:21-CV-01015-ADA, 2022 WL 2078215 (W.D. Tex. June 1, 2022) ...........................4

*StratosAudio, Inc. v. Volkswagen Grp. of Am., Inc.*,
    No. 6:20-CV-01131-ADA, 2022 WL 764976 (W.D. Tex. Mar. 10, 2022) ...........................4

*Symbology Innovations, LLC v. Lego Sys., Inc.*,
    282 F. Supp. 3d 916 (E.D. Va. 2017) ....................................................................................4

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    137 S. Ct. 1514 (2017) ......................................................................................................2, 3

*In re ZTE (USA) Inc.*,
    890 F.3d 1008 (Fed. Cir. 2018) .........................................................................................2, 3

**Federal Statutes**

28 U.S.C. § 1400(b) ..............................................................................................................1, 2, 3

I.   INTRODUCTION

Temenos Cloud Americas, LLC ("Temenos Cloud") and Avoka (USA), Inc. ("Avoka") respectfully request that the Court dismiss Temenos Cloud and Avoka pursuant to Rule 12(b)(3) for improper venue under 28 U.S.C. § 1400(b).

MOV-ology's complaint fails to establish venue as a matter of law with respect to Temenos Cloud and Avoka.  MOV-ology's complaint refers collectively to all named defendants—Temenos Cloud, Avoka, Kony, Inc. ("Kony"), Temenos U.S.A., Inc. ("Temenos U.S.A.")[1] and Temenos AG[2]—as "Temenos," but doing so is factually and legally incorrect.  The named defendants are separate business entities.  MOV-ology must therefore separately establish venue under Section 1400(b) for each named defendant.  But it cannot legally do so for Temenos Cloud or Avoka because neither has *any physical presence* in the District.

Accordingly, movants respectfully request that MOV-ology's complaint be dismissed as to Temenos Cloud and Avoka under Rule 12(b)(3).

II.   STATEMENT OF FACTS

Although MOV-ology incorrectly alleges that Avoka is a Delaware corporation (it is a California corporation), MOV-ology's complaint correctly concedes that Temenos Cloud, Avoka, and the remaining defendants are not Texas entities and are different entities.  Compl., ¶¶ 8-12.  For Temenos Cloud and Avoka, MOV-ology alleges that "[v]enue is proper in this District" solely "because [Temenos Cloud and Avoka are] registered to do business in Texas and operate[] at least one office in this District at 5301 Southwest Parkway, Suite 250, Austin, Texas, 78735."  *Id.*, ¶¶ 22-23.  MOV-ology does not cite any support for its allegation that this address is the location of Temenos Cloud or Avoka, nor can it.  This address is for Kony, and indeed, MOV-ology cites

---

[1] Temenos U.S.A. and Kony do not join this motion.
[2] The parties have filed a joint stipulation to dismiss Temenos AG from this case. Dkt. No. 27.

1

the exact same address for Kony. *Id.*, ¶ 24 ("Venue is proper in this District as to Kony, Inc. under 28 U.S.C. § 1400(b) because it has registered to do business in Texas and operate at least one office in this District at 5301 Southwest Parkway, Suite 250, Austin, Texas, 78735."). MOV-ology makes no other allegations that Temenos Cloud and Avoka own or lease real estate in this District.

Temenos Cloud is a Delaware Limited Liability Company with no real estate in this District. Declaration of Kimberly Bentz ("Bentz Decl."), ¶ 5. Avoka is a California corporation[3] and likewise has no real estate in this District. *Id.*, ¶ 6. Thus, Temenos Cloud and Avoka neither own nor lease any real estate in this District. *Id.*, ¶¶ 5-6. The sole Texas address identified in the complaint by MOV-ology, 301 Southwest Parkway, Suite 250, Austin, Texas, 78735, is the address of defendant Kony. *Id.*, ¶ 7.

### III. LEGAL STANDARDS

Venue is governed by 28 U.S.C. § 1400(b), "the exclusive provision controlling venue in patent infringement proceedings." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518 (2017). MOV-ology bears the burden of establishing venue. *See In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). Because Section 1400(b) is unique to patent law, Federal Circuit law governs the analysis of whether venue is proper. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Section 1400(b) provides that "[a]ny civil action for patent infringement may be brought in the judicial district [1] where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). "[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517. The

---

[3] MOV-ology's complaint alleges that Avoka is a Delaware corporation. Compl., ¶ 11. That allegation is incorrect. Bentz Decl., ¶ 6.

second prong, a "regular and established place of business," requires (1) "a physical place in the district"; (2) the place "must be a regular and established place of business"; and (3) "the regular and established place of business must be the place of the defendant." *In re Cray*, 871 F.3d at 1362-64 (internal quotations omitted).

"Settled law always presumes that corporations exist as separate entities." *Interactive Toybox, LLC v. Walt Disney Comp.*, No. 1:17-CV-1137-RP, 2018 WL 5284625, at *3 (W.D. Tex. Oct. 24, 2018) (even 100% stock ownership and commonality of officers and directors is not alone sufficient to establish an alter ego relationship); *see also SASOF III (B) Aviation Ireland DAC v. Nat'l Aero Stands LLC*, No. 1:19-CV-1112-DAE, 2021 WL 1431307, at *7 (W.D. Tex. Mar. 26, 2021), report and recommendation adopted, No. 1:19-CV-1112-DAE, 2021 WL 5194723 (W.D. Tex. June 9, 2021) (while courts do consider "evidence of common control" among a "laundry list of factors" in analyzing alter ego, the plaintiff must provide evidence that "[t]he degree of control exercised by the parent [is] greater than that normally associated with common ownership and directorship.") (citing *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983)).

In deciding Rule 12(b)(3) motions, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (citation omitted); *see also Kranos IP Corp. v. Riddell, Inc.*, No. 2:17-cv-443-JRG, 2017 WL 3704762, at *2 (E.D. Tex. Aug. 28, 2017) (affidavits submitted by defendant are one source of factual information for improper venue analysis).

**IV.   ARGUMENT**

Venue is improper in this District as to Temenos Cloud and Avoka. *In re ZTE*, 890 F.3d at 1013; 28 U.S.C. § 1400(b).

Temenos Cloud and Avoka do not reside in the Western District of Texas, as a "domestic corporation 'resides' only in its State of incorporation," *TC Heartland*, 137 S. Ct. at 1517, and

3

Temenos Cloud and Avoka are not Texas corporations. *See* Compl., ¶¶ 10, 11 ("Defendant Temenos Cloud Americas, LLC is a Delaware corporation" and "Defendant Avoka (USA), Inc. is a Delaware corporation"[4]).

Implicitly conceding that venue cannot be based on state of residence, MOV-ology's complaint makes two identical allegations for Temenos Cloud and Avoka regarding venue: (1) each entity is "registered to do business in Texas" and (2) each entity "operates at least one office in this District at 5301 Southwest Parkway, Suite 250, Austin, Texas, 78735." Compl., ¶¶ 22, 23. Each assertion is insufficient as a matter of law to establish venue against Temenos Cloud and Avoka.

*First*, the fact that Temenos Cloud and Avoka are registered to do business in Texas "has no bearing on the Court's venue analysis" and is therefore legally insufficient for the purposes of establishing venue. *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *2 (W.D. Tex. June 19, 2020) ("The mere fact that Defendant is registered and earns revenue in Texas has no bearing on the Court's venue analysis."); *see also StratosAudio, Inc. v. Volkswagen Grp. of Am., Inc.*, No. 6:20-CV-01131-ADA, 2022 WL 764976, at *1 (W.D. Tex. Mar. 10, 2022) (finding venue improper as to defendant despite being registered to do business in Texas); *Sightline Payments, LLC v. Everi Holdings Inc.*, No. 6:21-CV-01015-ADA, 2022 WL 2078215, at *1 (W.D. Tex. June 1, 2022) (dismissing claims against Delaware corporation registered to do business in Texas for lack of venue); *Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 931 (E.D. Va. 2017) (explaining a business registration has no bearing on venue).

---

[4] As noted above, Avoka is a California, not a Delaware, corporation. Nonetheless, MOV-ology's admission that Avoka is not a Texas corporation remains accurate.

*Second*, neither Temenos Cloud or Avoka has a "regular and established place of business" in this District.  MOV-ology's complaint cites **Kony's office**—"5301 Southwest Parkway, Suite 250, Austin, Texas, 78735"—as Temenos Cloud's and Avoka's *alleged* sole physical presence in this District.  Compl., ¶¶ 22, 23.  MOV-ology, however, does not plead a single fact to support that this office is a "regular and established place of business" that is the "place of [Temenos or Avoka]."  *In re Cray*, 871 F.3d at 1363-64; *GreatGigz*, 2022 WL 432558, at *2.  Nor can it.  The office MOV-ology identifies is not owned or leased by Temenos Cloud or Avoka in any way and is, instead, leased by Kony.  Bentz Decl., ¶¶ 5-7.  Accordingly, Temenos Cloud and Avoka do not have a "physical place in the district," let alone a "regular and establish place of business" that is a "place of the defendant."  *In re Cray*, 871 F.3d at 1362-64 (internal quotations omitted).

## V.     CONCLUSION

For the above reasons, Temenos Cloud and Avoka respectfully request that the Court dismiss MOV-ology's complaint as to Temenos Cloud and Avoka for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

                Respectfully submitted,

Dated:  August 10, 2023

                */s/ Gregory H. Lantier*
                Gregory H. Lantier
                WILMER CUTLER PICKERING HALE
                & DORR LLP
                2100 Pennsylvania Avenue NW
                Washington DC 20037
                Tel: (202) 663-6000
                gregory.lantier@wilmerhale.com

                Liv Herriot
                WILMER CUTLER PICKERING HALE
                & DORR LLP
                2600 El Camino Real #400
                Palo Alto, CA 94306
                (650) 858-6000
                liv.herriot@wilmerhale.com

                Hannah Santasawatkul
                Texas Bar No. 24107617
                WILMER CUTLER PICKERING HALE
                & DORR LLP
                1225 17th Street, Suite 2600
                Denver, Colorado 80202
                (720) 274-3135
                hannah.santasawatkul@wilmerhale.com

                *Attorneys for Temenos Cloud Americas, LLC and Avoka (USA), Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on August 10, 2023.

*/s/ Gregory H. Lantier*
Gregory H. Lantier
