IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MOV-ology LLC<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Temenos AG,<br>Temenos U.S.A., Inc.,<br>Temenos Cloud Americas, LLC,<br>Avoka (USA), Inc., and<br>Kony, Inc.,<br>　　　　　　Defendants. | Civil Action No. 6:23-cv-391-ADA<br><br>**Jury Trial Demanded** |

**DEFENDANTS TEMENOS U.S.A., INC. AND KONY, INC.'S ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO COMPLAINT**

Temenos U.S.A., Inc. ("Temenos U.S.A.") and Kony, Inc. ("Kony") hereby provide their Answer and Affirmative Defenses and Counterclaims to MOV-ology LLC's ("Plaintiff" or "MOV-ology") Complaint ("Complaint"). As a preliminary matter, the introduction of MOV-ology's Complaint defines "Temenos" as each named defendant in this case. Dkt. No. 1, at 1 ("Plaintiff MOV-ology LLC files this Original Complaint for patent infringement against Defendants Temenos AG, Temenos U.S.A., Inc., Temenos Cloud Americas, LLC, Avoka (USA), Inc., and Kony, Inc. (collectively, 'Temenos') . . . ."). Temenos U.S.A. and Kony expressly object to MOV-ology's definition of "Temenos" because each named defendant is a separate entity. Temenos U.S.A. and Kony deny all allegations of MOV-ology's Complaint unless expressly admitted in the following paragraphs.[1]

---

[1] The parties' have filed a joint stipulation to dismiss Temenos AG from this case. Dkt. No. 27. Temenos Cloud Americas, LLC and Avoka (USA), Inc. have filed motions to dismiss. Dkt. No. 30.

## Nature of the Action[2]

1. Temenos U.S.A. and Kony deny that any of Temenos U.S.A., Kony, Temenos Cloud America, LLC ("Temenos Cloud"), Avoka (USA), Inc. ("Avoka"), and Temenos AG have committed any acts of patent infringement. Temenos U.S.A. and Kony lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1, and on that basis deny them.

2. Temenos U.S.A. and Kony lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and on that basis deny them.

3. Temenos U.S.A. and Kony lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3, and on that basis deny them.

4. Temenos U.S.A. and Kony lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4, and on that basis deny them.

5. Temenos U.S.A. and Kony admit that they are banking software companies that provide market-leading software and banking services to financial services providers. Temenos U.S.A. and Kony admit that the link https://www.temenos.com/solutions/retail-banking/ includes the phrase "A SaaS platform for retail banking to increase architectural flexibility, product agility, and customer engagement to deliver more personalized products and experiences, spur profitability and drive growth." Temenos U.S.A. and Kony admit that the link https://www.temenos.com/about-us/investor-relations/ includes the sentence "Over 3,000 firms across the globe, including 41 of the top 50 banks, rely on Temenos to process the daily

---

[2] For ease of reference, Temenos U.S.A. and Kony use the headings from MOV-ology's Complaint. In doing so, Temenos U.S.A. and Kony do not admit to any of the allegations contained in those headings. In addition, Temenos U.S.A. and Kony's responses to MOV-ology's allegations correspond to the numbered paragraphs in the Complaint.

transactions of more than 500 million banking customers." Except as expressly admitted, Temenos U.S.A. and Kony deny the allegations in Paragraph 5.

6. Temenos U.S.A. and Kony deny that Temenos U.S.A., Kony, Temenos Cloud, Avoka, and Temenos AG have committed any acts of patent infringement. Temenos U.S.A. and Kony lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6, and on that basis deny them.

## Parties

7. Temenos U.S.A. and Kony lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7, and on that basis deny them.

8. Temenos AG has not been served in this case, and MOV-ology has filed a stipulation to dismiss Temenos AG from this case (*see* Dkt. No. 27). Therefore, no answer is required for Paragraph 8.

9. Temenos U.S.A. and Kony admit that Temenos U.S.A. is a Delaware corporation registered to do business in Texas. Temenos U.S.A. and Kony admit that Temenos U.S.A. may be served through Temenos U.S.A.'s registered agent, Corporation Service Company, located at 211 East Seventh Street, Suite 620, Austin, Texas 78701. Except as expressly admitted, Temenos U.S.A. and Kony deny the allegations in Paragraph 9.

10. Temenos U.S.A. and Kony admit that Temenos Cloud is a Delaware Corporation registered to do business in Texas. Temenos U.S.A. and Kony admit that Temenos Cloud may be served through Temenos Cloud's registered agent, Corporation Service Company, located at 211 East Seventh Street, Suite 620, Austin, Texas 78701. Except as expressly admitted, Temenos U.S.A. and Kony deny the allegations in Paragraph 10.

11. Temenos U.S.A. and Kony admit that Avoka is registered to do business in Texas. Temenos U.S.A. and Kony admit that Avoka may be served through Avoka's registered agent,

Corporation Service Company, located at 211 East Seventh Street, Suite 620, Austin, Texas 78701. Except as expressly admitted, Temenos U.S.A. and Kony deny the allegations in Paragraph 11.

12. Temenos U.S.A. and Kony admit that Kony is a Delaware Corporation registered to do business in Texas and that the website https://www.temenos.com/contact-us/find-an-office/ lists Kony's office as 5301 Southwest Parkway, Suite 250, Austin, Texas 78735. Temenos U.S.A. and Kony admit that Kony may be served through Kony's registered agent, Corporation Service Company, located at 211 East Seventh Street, Suite 620, Austin, Texas, 78701. Except as expressly admitted, Temenos U.S.A. and Kony deny the allegations in Paragraph 12.

13. Temenos U.S.A. and Kony admit that the document titled "Annual Report and Accounts 2022" available at https://www.temenos.com/wp-content/uploads/2023/03/2022-Annual-Report-t01ki2zg10.pdf lists Temenos U.S.A., Temenos Cloud, Avoka, and Kony as wholly owned subsidiaries of Temenos AG.

14. Temenos U.S.A. and Kony admit that the document titled "Annual Report and Accounts 2022" available at https://www.temenos.com/wp-content/uploads/2023/03/2022-Annual-Report-t01ki2zg10.pdf lists Temenos U.S.A. as a direct subsidiary of Temenos AG.

15. Temenos U.S.A. and Kony admit that Temenos Cloud is a subsidiary of Temenos U.S.A. Except as expressly admitted, Temenos U.S.A. and Kony deny the allegations in Paragraph 15.

16. Paragraph 16 states conclusions of law for which no answer is required. To the extent a response is deemed to be required, Temenos U.S.A. and Kony deny the allegations contained in Paragraph 16.

## Jurisdiction and Venue

17. Paragraph 17 states conclusions of law for which no answer is required. To the extent a response is deemed to be required, based on Temenos U.S.A. and Kony's investigation to

date, Temenos U.S.A. and Kony admit that this is a patent infringement action under the laws of the United States and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18. Paragraph 18 states conclusions of law for which no answer is required. To the extent a response is deemed to be required, based on Temenos U.S.A. and Kony's investigation to date, Temenos U.S.A. and Kony deny the allegations in Paragraph 18.

19. Paragraph 19 states conclusions of law for which no answer is required. To the extent a response is deemed to be required, Temenos U.S.A. and Kony admit that Temenos U.S.A. and Kony conduct business in Texas. Temenos U.S.A. and Kony deny that Temenos U.S.A., Temenos Cloud, Avoka, Kony, and Temenos AG have committed any acts of patent infringement. Except as expressly admitted, Temenos U.S.A. and Kony deny the allegations in Paragraph 19.

20. Paragraph 20 states conclusions of law for which no answer is required. Moreover, the parties' have filed a joint stipulation to dismiss Temenos AG from this case. Dkt. No. 27. Therefore, no answer is required for Paragraph 20.

21. Paragraph 21 states conclusions of law for which no answer is required. To the extent a response is deemed to be required, Temenos U.S.A. and Kony admit that Temenos U.S.A. is registered to do business in Texas. Except as expressly admitted, Temenos U.S.A. and Kony deny the allegations in Paragraph 21.

22. Paragraph 22 states conclusions of law for which no answer is required. To the extent a response is deemed to be required, Temenos U.S.A. and Kony deny venue is proper for Temenos Cloud for the reasons stated in Temenos Cloud's motion to dismiss for improper venue. *See* Dkt. No. 30.

23. Paragraph 23 states conclusions of law for which no answer is required. To the extent a response is deemed to be required, Temenos U.S.A. and Kony deny venue is proper for Avoka for the reasons stated in Avoka's motion to dismiss for improper venue. *See* Dkt. No. 30.

24. Paragraph 24 states conclusions of law for which no answer is required. To the extent a response is deemed to be required, Temenos U.S.A. and Kony admit that Kony is registered to do business in Texas and the website https://www.temenos.com/contact-us/find-an-office/ lists Kony's office as 5301 Southwest Parkway, Suite 250, Austin, Texas 78735. Except as expressly admitted, Temenos U.S.A. and Kony deny the allegations in Paragraph 24.

## The Asserted Patents

25. Temenos U.S.A. and Kony admit that U.S. Patent No. 9,286,282 (the "'282 patent") on its face has the title, filing date, and issue date as alleged. Temenos U.S.A. and Kony lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25, and on that basis deny them.

26. Temenos U.S.A. and Kony admit that U.S. Patent No. 10,769,358 (the "'358 patent") on its face has the title, filing date, and issue date as alleged. Temenos U.S.A. and Kony lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26, and on that basis deny them.

27. Temenos U.S.A. and Kony admit that the '282 patent on its face claims priority to U.S. Provisional Application No. 61/908,349 (the "'349 application"). Temenos U.S.A. and Kony admit that the '358 patent on its face claims priority to the '349 application. Temenos U.S.A. and Kony deny that the '282 patent and '358 patent are entitled to claim priority to the '349 application. Temenos U.S.A. and Kony lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27, and on that basis deny them.

28. Temenos U.S.A. and Kony admit Exhibit A to the Complaint purports on its face to be the '282 patent. Temenos U.S.A. and Kony admit Exhibit B to the Complaint purports on its face to be the '358 patent. The remaining allegations in Paragraph 28 sets forth a legal contention to which no response is required, and Temenos U.S.A. and Kony deny the remaining allegations in Paragraph 28 on that basis. To the extent a response is deemed to be required, Temenos U.S.A. and Kony deny the '282 patent and '358 patent are valid.

29. Temenos U.S.A. and Kony lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29, and on that basis deny them.

30. Temenos U.S.A. and Kony deny the allegations contained in Paragraph 30.

31. Temenos U.S.A. and Kony deny the allegations contained in Paragraph 31.

32. Temenos U.S.A. and Kony deny the allegations contained in Paragraph 32.

33. Temenos U.S.A. and Kony deny the allegations contained in Paragraph 33.

34. Paragraph 34 sets forth a legal contention to which no response is required, and Temenos U.S.A. and Kony deny the allegations in Paragraph 34 on that basis. To the extent a response is deemed to be required, Temenos U.S.A. and Kony deny the allegations contained in Paragraph 34.

35. Temenos U.S.A. and Kony deny the allegations contained in Paragraph 35.

**Count I: Infringement of the '282 Patent**

36. Temenos U.S.A. and Kony repeat and reallege all of the responses in paragraphs 1 through 35 above, as if set forth fully herein.

37. Temenos U.S.A. and Kony admit that Exhibit A of the Complaint purports to have 15 claims and purports that claims 1 and 15 are independent claims.

38. Temenos U.S.A. and Kony deny the allegations contained in Paragraph 38.

39. Temenos U.S.A. and Kony deny the allegations contained in Paragraph 39.

40. Temenos U.S.A. and Kony admit that the '282 patent on its face recites the text cited as claim 1 in Paragraph 40.

41. Temenos U.S.A. and Kony deny the allegations contained in Paragraph 41 and Exhibit E to the Complaint.

42. Temenos U.S.A. and Kony admit that they received notice of the '282 patent on the service date of this Complaint. Based on Temenos U.S.A. and Kony's investigation to date, Temenos U.S.A. and Kony lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 42, and on that basis deny them.

43. Temenos U.S.A. and Kony deny the allegations contained in Paragraph 43.

44. Temenos U.S.A. and Kony deny the allegations contained in Paragraph 44.

45. Temenos U.S.A. and Kony deny the allegations contained in Paragraph 45.

## Count II: Infringement of the '358 Patent

46. Temenos U.S.A. and Kony repeat and reallege all of the responses in paragraphs 1 through 45 above, as if set forth fully herein.

47. Temenos U.S.A. and Kony admit that Exhibit B of the Complaint purports to have 20 claims and purports that claims 1, 9, and 17 are independent claims.

48. Temenos U.S.A. and Kony deny the allegations contained in Paragraph 48.

49. Temenos U.S.A. and Kony deny the allegations contained in Paragraph 49.

50. Temenos U.S.A. and Kony admit that the '358 patent on its face recites the text cited as claim 17 in Paragraph 50.

51. Temenos U.S.A. and Kony deny the allegations contained in Paragraph 51 and Exhibit F to the Complaint.

52. Temenos U.S.A. and Kony admit that they received notice of the '358 patent on the service date of this Complaint. Based on Temenos U.S.A. and Kony's investigation to date,

Temenos U.S.A. and Kony lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 52, and on that basis deny them.

53. Temenos U.S.A. and Kony deny the allegations contained in Paragraph 53.

54. Temenos U.S.A. and Kony deny the allegations contained in Paragraph 54.

55. Temenos U.S.A. and Kony deny the allegations contained in Paragraph 55.

## Prayer for Relief

Temenos U.S.A. and Kony deny all allegations in subparagraphs A-G of MOV-ology's Request for Relief.

## Demand for Jury Trial

Temenos U.S.A. and Kony demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

By alleging the Defenses set forth below, Temenos U.S.A. and Kony do not agree or concede that they bear the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part. Temenos U.S.A. and Kony reserve all rights to allege additional defenses that become known through the course of discovery. For their Defenses to MOV-ology's claims in its Complaint, Temenos U.S.A. and Kony allege as follows:

### First Affirmative Defense
*(Non-Infringement)*

1. Temenos U.S.A. and Kony do not make, use, sell, offer for sale, or import into the United States, and have not made, used, sold, offered for sale or imported into the United States, any products or methods that infringe any valid claim of the patent asserted in the Complaint, either directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and have not induced others to infringe, or otherwise indirectly infringed, any valid claim of the patent asserted in the Complaint.

### Second Affirmative Defense
*(Invalidity)*

2. The patents asserted in the Complaint are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 et seq., including 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 256. Further, the patents asserted in the Complaint are not entitled to a priority date earlier than June 18, 2014, because the provisional application listed on the face of the '282 patent and '358 patent (collectively, "Patents-in-Suit") does not comply with the requirements of 35 U.S.C. § 112, as required by 35 U.S.C. §§ 119 and 120.

### Third Affirmative Defense
*(Limitations on Damages / Failure to Mark)*

3. On information and belief, to the extent MOV-ology seeks damages otherwise accruing prior to six years before it filed its Complaint, such damages are barred by 35 U.S.C. § 286. The relief sought by MOV-ology based on Temenos U.S.A. and Kony's alleged infringement of the Patents-in-Suit is further limited by 35 U.S.C. § 287 to the extent the owner(s) of the Patents-in-Suit, and/or their licensees, failed to mark practicing products.

### Fourth Affirmative Defense
*(Waiver, Estoppel, Acquiescence, Unclean Hands, and Implied License)*

4. On information and belief, MOV-ology's claims for relief are barred in whole or in part by waiver, equitable estoppel (including, without limitation, judicial estoppel and administrative estoppel), acquiescence, unclean hands, and/or implied license.

### Fifth Affirmative Defense
*(Prosecution History Estoppel)*

5. MOV-ology is estopped, based on statements, representations, and admissions made during prosecution of the patent applications that led to the patents asserted in the Complaint, from asserting that the claims of the patents asserted in the Complaint are infringed by Temenos U.S.A. and Kony, or Temenos U.S.A. and Kony's products or services, either directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise.

### Sixth Affirmative Defense
*(No Immediate or Irreparable Injury and No Equitable Entitlement to Injunctive Relief)*

6. On information and belief, MOV-ology is not entitled to equitable relief with respect to the patents asserted in the Complaint under any theory because MOV-ology has not and will not suffer irreparable harm, MOV-ology has not established that it practices the Patents-in-

Suit, MOV-ology is not without adequate remedy at law, the balance of the hardships do not favor entry of an injunction, and/or public policy concerns weigh against any equitable relief.

## Seventh Affirmative Defense
*(No Costs)*

7. On information and belief, MOV-ology is barred from recovering costs associated with this action with respect to the patent asserted in the Complaint under 35 U.S.C. § 288.

## Eighth Affirmative Defense
*(Failure to Conduct Pre-Suit Investigation)*

8. MOV-ology's claims for relief are barred, and its cause of action against Temenos U.S.A. and Kony is subject to dismissal, because MOV-ology failed to conduct a reasonable investigation of Temenos U.S.A. and Kony's products and/or methods of providing services prior to filing suit.

## Ninth Affirmative Defense
*(Ensnarement)*

9. To the extent that MOV-ology claims infringement under the Doctrine of Equivalents, MOV-ology's claims are barred under the Ensnarement Doctrine, which prohibits MOV-ology from asserting an infringement theory under the Doctrine of Equivalents that encompasses, or "ensnares," the prior art.

## Tenth Affirmative Defense
(*No Enhanced Damages or Attorney Fees*)

10. MOV-ology is not entitled to enhanced damages or attorney fees under 35 U.S.C. § 285.

## Eleventh Affirmative Defense
(*Lack of Standing*)

11. To the extent any third party has or should have ownership rights in the Patents-in-Suit, MOV-ology lacks standing in this action.

### Twelfth Affirmative Defense
(*Licensing/Patent Exhaustion*)

12. One or more of MOV-ology's claims are barred, in whole or in part, to the extent that rights to the Patents-in-Suit have been exhausted and/or are licensed to Temenos U.S.A. and/or Kony.

### Reservation of Defenses

Temenos U.S.A. and Kony reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation.

## COUNTERCLAIMS

1. Counterclaimants Temenos U.S.A., Inc. (" Temenos U.S.A.") and Kony, Inc. ("Kony"), on personal knowledge of their own acts, and on information and belief as to all others based on their own and their attorneys' investigation, alleges their counterclaims against counterclaim-defendant MOV-ology LLC ("MOV-ology" or "Counterclaim-defendant") as follows:

### NATURE OF THE ACTION

2. These counterclaims are for declarations of noninfringement and invalidity of the claims of U.S. Patent No. 9,286,282 (the "'282 patent") and U.S. Patent No. 10,796,358 (the "'358 patent") (collectively, the "Patents-in-Suit").

### PARTIES

3. MOV-ology alleges it is a limited liability company organized and existing under the laws of the State of Delaware.

4. Temenos U.S.A.is a corporation organized and existing under the laws of the State of Delaware.

5. Kony is a corporation organized and existing under the law of the State of Delaware.

### JURISDICTION AND VENUE

6. This is an action for declaratory judgment arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), in combination with 28 U.S.C. §§ 2201-2202.

7. MOV-ology has brought suit against Temenos U.S.A. and Kony on the Patents-in-Suit in this District. As such, personal jurisdiction and venue in this District are proper for these Counterclaims under 28 U.S.C. §§ 1391(b) and 1400(b).

8. MOV-ology has sued Temenos U.S.A. and Kony claiming that Temenos U.S.A. and Kony infringe the Patents-in-Suit, and that the Patents-in-Suit were duly issued by the United States Patent Office. Temenos U.S.A. and Kony deny that MOV-ology has shown that Temenos U.S.A. and Kony infringe the Patents-in-Suit and that the Patents-in-Suit are valid.

9. An actual controversy exists under the Declaratory Judgment Act between MOV-ology and Temenos U.S.A. and Kony concerning the infringement and validity of one or more claims of the Patents-in-Suit, and that controversy is ripe for adjudication by this Court.

**COUNT I – NON-INFRINGEMENT OF THE '282 PATENT**

10. Temenos U.S.A. and Kony repeat and reallege the allegations set forth in paragraphs 1 through 9 of their counterclaims above, as if set forth fully herein.

11. MOV-ology claims that it is the owner of all rights, title, and interest in and to the '282 patent. MOV-ology has expressly charged Temenos U.S.A. and Kony with infringement of the '282 patent by filing a Complaint for Patent Infringement against Temenos U.S.A. and Kony on May 22, 2023.

12. Temenos U.S.A. and Kony have not infringed and do not infringe any valid claim of the '282 patent, either literally or under the doctrine of equivalents.

13. In paragraph 38 of the Complaint, MOV-ology has alleged that Temenos U.S.A. and Kony have "infringed and continues to infringe, literally or by the doctrine of equivalents, at least claims 1 and 9 and of the '282 patent by making, using, testing, selling, offering for sale, or importing into the U.S. products and services covered by the '282 patent." Accordingly, a valid

and justiciable controversy has arisen and exists between MOV-ology and Temenos U.S.A. and Kony.

14. There exists a substantial immediacy and reality to warrant the issuance of a declaratory judgment as to whether Temenos U.S.A. and Kony infringe any valid claim of the '282 patent.

15. A judicial declaration is necessary and appropriate so that Temenos U.S.A. and Kony may ascertain their rights regarding the '282 patent.

16. Temenos U.S.A. and Kony are entitled to a judicial declaration that they have not infringed and do not infringe any valid claim of the '282 patent.

### COUNT II – NON-INFRINGEMENT OF THE '358 PATENT

17. Temenos U.S.A. and Kony repeat and reallege the allegations set forth in paragraphs 1 through 16 of their counterclaims above, as if set forth fully herein.

18. MOV-ology claims that it is the owner of all rights, title, and interest in and to the '358 patent. MOV-ology has expressly charged Temenos U.S.A. and Kony with infringement of the '358 patent by filing a Complaint for Patent Infringement against Temenos U.S.A. and Kony on May 22, 2023.

19. Temenos U.S.A. and Kony have not infringed and do not infringe any valid claim of the '358 patent, either literally or under the doctrine of equivalents.

20. In paragraph 48 of the Complaint, MOV-ology has alleged that Temenos U.S.A. and Kony have "infringed and continues to infringe, literally or by the doctrine of equivalents, at least claims 1, 9, and 17 of the '358 patent by making, using, testing, selling, offering for sale, or importing into the U.S. products and services covered by the '358 patent." Accordingly, a valid and justiciable controversy has arisen and exists between MOV-ology and Temenos U.S.A. and Kony.

21. There exists a substantial immediacy and reality to warrant the issuance of a declaratory judgment as to whether Temenos U.S.A. and Kony infringe any valid claim of the '358 patent.

22. A judicial declaration is necessary and appropriate so that Temenos U.S.A. and Kony may ascertain their rights regarding the '358 patent.

23. Temenos U.S.A. and Kony are entitled to a judicial declaration that they have not infringed and do not infringe any valid claim of the '358 patent.

### COUNT III – INVALIDITY OF THE '282 PATENT

24. Temenos U.S.A. and Kony repeat and reallege the allegations set forth in paragraphs 1 through 23 of their counterclaims above, as if set forth fully herein.

25. None of the asserted claims of the '282 patent are valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 et seq., including 35 U.S.C. §§ 101, 102, 103, 112, 116, 119, 120 and/or 256.

26. In paragraph 28 of the Complaint, MOV-ology has alleged that the '282 patent is valid. Accordingly, a valid and justiciable controversy has arisen and exists between MOV-ology and Temenos U.S.A. and Kony.

27. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaration judgment as to whether the asserted claims of the '282 patent are valid.

28. Temenos U.S.A. and Kony are entitled to a judicial determination that the asserted claims of the '282 patent are invalid.

### COUNT IV – INVALIDITY OF THE '358 PATENT

29. Temenos U.S.A. and Kony repeat and reallege the allegations set forth in paragraphs 1 through 28 of their counterclaims above, as if set forth fully herein.

30. None of the asserted claims of the '358 patent are valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 et seq., including 35 U.S.C. §§ 101, 102, 103, 112, 116, 119, 120 and/or 256.

31. In paragraph 28 of the Complaint, MOV-ology has alleged that the '358 patent is valid. Accordingly, a valid and justiciable controversy has arisen and exists between MOV-ology and Temenos U.S.A. and Kony.

32. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaration judgment as to whether the asserted claims of the '358 patent are valid.

33. Temenos U.S.A. and Kony are entitled to a judicial determination that the asserted claims of the '358 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Temenos U.S.A. and Kony respectfully request entry of judgement in their favor and against MOV-ology as follows:

    a. Dismissing MOV-ology's Complaint in its entirety, with prejudice;

    b. Declaring that Temenos U.S.A. and Kony have not infringed and do not infringe any claims of the Patents-in-Suit;

    c. Declaring that the claims of the Patents-in-Suit are invalid;

    d. Awarding Temenos U.S.A. and Kony their costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

    e. Grant such other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Counterclaim-plaintiffs Temenos U.S.A. and Kony demand a jury trial on all issues and claims so triable.

Dated August 10, 2023

Respectfully submitted,

By: /s/ *Gregory H. Lantier*
Gregory H. Lantier
WILMER CUTLER PICKERING HALE
& DORR LLP
2100 Pennsylvania Avenue NW
Washington DC 20037
Tel: (202) 663-6000
gregory.lantier@wilmerhale.com

Liv Herriot
WILMER CUTLER PICKERING HALE
& DORR LLP
2600 El Camino Real #400
Palo Alto, CA 94306
(650) 858-6000
liv.herriot@wilmerhale.com

Hannah Santasawatkul
Texas Bar No. 24107617
WILMER CUTLER PICKERING HALE
& DORR LLP
1225 17th Street, Suite 2600
Denver, Colorado 80202
(720) 274-3135
hannah.santasawatkul@wilmerhale.com

*Attorneys for Temenos U.S.A., Inc. and Kony, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on August 10, 2023.

*/s/ Gregory H. Lantier*
Gregory H. Lantier
