IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MOV-ology LLC<br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Temenos AG,<br>Temenos U.S.A., Inc.,<br>Temenos Cloud Americas, LLC,<br>Avoka (USA), Inc., and<br>Kony, Inc.,<br>　　　　　　　　Defendants. | Civil Action No. 6:23-cv-00391-ADA<br><br>**Jury Trial Demanded** |

**Joint Motion for Entry of Scheduling Order**

Plaintiff MOV-ology LLC and Defendants Temenos U.S.A., Inc., Temenos Cloud Americas, LLC, Avoka (USA), Inc., and Kony, Inc.[1] respectfully move the Court for entry of a Scheduling Order.

**1.　　Introduction and Background**

The parties, including lead and local counsel, have exchanged draft schedules, and met and conferred many times by email and phone to negotiate a joint proposed Scheduling Order between August 11, 2023, and September 12, 2023. Despite their best efforts, the parties still disagree on the extent to which the Scheduling Order should be changed from the dates calculated by default according to Section XI of the Court's OGP version 4.3. The parties thus have not successfully reached agreement on a Joint Scheduling Order. Instead, this motion contains each party's proposed Scheduling Order for the Court's consideration and ruling. Exhibit 1 to this Motion

---

[1] The parties have filed a joint stipulation to dismiss Temenos AG from this case.  ECF No. 27.

1

contains Plaintiff's proposed Scheduling Order, while Exhibit 2 contains Defendants' proposed Scheduling Order. As required by this Court's OGP Version 4.3, the undersigned counsel will jointly send editable copies of their respective proposed Scheduling Orders to the Court's law clerk concurrent with the filing of this Motion.

**2.     Plaintiff's Position**

Plaintiff believes the exemplary schedule set by the OGP suits the needs of this case, with only minor modifications to account for deadlines falling on or very near major holidays. Plaintiff's proposed Scheduling Order, enclosed as Exhibit 1, generally tracks the Court's default calendar laid out in the current OGP, which directs the parties to "enter an agreed Scheduling Order *that generally tracks the exemplary schedule attached as Exhibit A to this OGP, which should suit most cases*." OGP at 2 (emphasis added). Only Plaintiff's proposal complies with this directive. Defendants' proposal delays several deadlines in expert discovery and the pretrial calendar, ultimately delaying the trial date. While Plaintiff appreciates Defendants' stated intent to reduce conflicts with year-end holidays, some conflict with the holidays is unavoidable. And even Defendants' proposal requires meaningful deadlines and significant related legal work near or in the midst of the 2024-year holidays, including swapping less onerous motion in limine briefing, which the OGP schedule would have taking place during some of the holiday season, for more burdensome and time consuming dispositive motion briefing, which under the OGP schedule would be complete well before the Christmas and Hanukkah holidays, but under Defendants' proposal would occur right in the heart of those 2024 holidays. Moreover, this Court's recent practice of entering a standard motion in limine order in cases headed to trial is expected to noticeably reduce the burden of motion in limine briefing work for the parties during the holiday 2024 season, as it has in other cases proceeding to trial before this Court since the

Court initiated that practice. No such "load lightening" is foreseen as to the dispositive motion and *Daubert* briefing.

Plaintiff's proposal makes modest adjustments of 1-4 days each to five OGP schedule deadlines over the entire calendar to avoid holiday conflicts while preserving the default discovery, summary judgment, and trial dates calculated established by the Court's OGP. Plaintiff thus urges the Court to enter its proposed Scheduling Order.

**3.     Defendants' Position**

Defendants are willing to agree to, and initially proposed, a schedule that fully avoids any holiday conflicts. However, in recognition of Plaintiff's desire to hue as closely as possible to the OGP, Defendants have proposed a case schedule that sets trial only five weeks later than under the schedule requested by Plaintiff but substantially reduces unnecessary conflicts with year-end holidays.

Plaintiff's proposal would have oppositions to dispositive motions and *Daubert* motions due the first business day after Thanksgiving and would have the parties preparing the Joint Pretrial Order and Pretrial Submissions, MIL oppositions and MIL replies all over the end of the year holidays. Moreover, Plaintiff's schedule shortens the time period for the parties to meet and confer regarding remaining MIL disputes, despite the OGP's guidance setting the deadline to meet and confer for one week after MIL replies are filed. It is premature to know whether there will be case specific MILs such that the Court's standard MIL order would lighten the load over the holidays. Moreover, Plaintiff ignores the substantial burden on the parties of the Joint Pretrial Order and Pretrial Submissions.

In contrast, Defendants' proposal is specifically structured such that there are no conflicts with Thanksgiving and only replies in support of dispositive motions and *Daubert* motions,

which would be due on December 30 instead of the default deadline of December 27, would potentially conflict with the end of the year holidays. Thus, the overall impact on the holiday season is significantly less.

Plaintiff also proposes to begin trial on a Thursday, in contravention of this Court's practice of beginning trials on Mondays. Thus, Plaintiff's proposal is more accurately understood as setting trial for February 10. If Plaintiff's proposal were then further adjusted to comply with the OGP's suggested spacing, Plaintiff would instead be proposing to hold trial during the week of President's Day, and only one month before Defendant's proposed March 17 trial date.

Defendants respectfully suggest that their proposed case schedule and trial date accomplishes the OGP's stated goals of a fast time to trial while minimizing unnecessary conflicts with holidays.

**4.     Conclusion**

For these reasons, the parties respectfully and jointly move the Court to enter a Scheduling Order.

| | |
|---|---|
| Dated: September 14, 2023 | Respectfully submitted, |
| By: */s/ Karl Rupp*<br>Karl Rupp (State Bar No. 24035243)<br>krupp@soreylaw.com<br>**Sorey & Hoover LLP**<br>100 North Sixth Street, Suite 502<br>Waco, Texas 76701<br>Telephone: 903-230-5600<br><br>Robert R. Brunelli (*pro hac vice*)<br>rbrunelli@sheridanross.com<br>Patrick A. Fitch (*pro hac vice*)<br>pfitch@sheridanross.com<br>Alex W. Ruge (*pro hac vice*)<br>aruge@sheridanross.com<br>Angela J. Bubis (*pro hac vice*)<br>abubis@sheridanross.com<br>**Sheridan Ross P.C.**<br>1560 Broadway, Suite 1200<br>Denver, Colorado 80202<br>Telephone: 303-863-9700<br>Facsimile: 303-863-0223<br>litigation@sheridanross.com<br><br>*Attorneys for Plaintiff MOV-ology LLC* | By: */s/ Liv Herriot*<br>Gregory H. Lantier<br>WILMER CUTLER PICKERING HALE<br>& DORR LLP<br>2100 Pennsylvania Avenue NW<br>Washington DC 20037<br> (202) 663-6000<br>gregory.lantier@wilmerhale.com<br><br>Liv Herriot<br>WILMER CUTLER PICKERING HALE<br>& DORR LLP<br>2600 El Camino Real #400<br>Palo Alto, CA 94306<br>(650) 858-6000<br>liv.herriot@wilmerhale.com<br><br>Hannah Santasawatkul<br>Texas Bar No. 24107617<br>WILMER CUTLER PICKERING HALE<br>& DORR LLP<br>1225 17th Street, Suite 2600<br>Denver, Colorado 80202<br>(720) 274-3135<br>hannah.santasawatkul@wilmerhale.com<br><br>*Attorneys for Temenos U.S.A., Inc., Temenos Cloud Americas, LLC, Avoka (USA), Inc., and Kony, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been delivered to all counsel of record via the Court's CM/ECF service on this 14th day of September, 2023.

*/s/ Karl Rupp*